UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PRIEST LITTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-cv-2142-JBM |
| JUSTIN T. YOUNG, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Danville Correctional Center, files a Complaint under 42 U.S.C. § 1983 alleging an Eighth Amendment deliberate indifference claim against Defendant Justin Young and a *Monell* claim against Defendant Wexford Health Sources, Inc. ("Wexford"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff alleges that on April 10, 2019, he was assisting a couple older inmates who were being moved from one building to another. Plaintiff tried to help them get a cart to move their belongings. The carts were stacked on top of each other, and when Plaintiff tried to unstack them, a piece of wood popped out of the top side of a cart and struck Plaintiff in the right bicep muscle,

causing immediate pain. Plaintiff states that he looked down at his arm and saw a slice and a dent in his right bicep.

A few days later, Plaintiff had a sick call appointment with a nurse, who gave Plaintiff some ibuprofen and muscle rub and told him that his injury was just a bad "Charlie horse."

On November 18, 2019, Plaintiff had an ultrasound of the distal bicep tendon, which allegedly revealed that he had suffered a hemorrhage and a tear of the tendon.

On February 13, 2020, Plaintiff went to the Carle Physician Group. Plaintiff states that he has been performing physical therapy as ordered but it has not helped his condition.

Plaintiff claims that Defendant Dr. Justin Young, the Medical Director at Danville Correctional Center, failed to send him to an outside hospital for treatment and to refer him for an MRI in a timely manner. As a result, Plaintiff claims that his injury healed improperly, causing him to suffer further injury and pain. Plaintiff also alleges that he has been waiting for surgery for over three years.

Plaintiff also attempts to bring a *Monell* claim against Defendant Wexford. He alleges that Wexford had a policy and practice of mistreatment that caused harm to prisoners, including Plaintiff.

**ANALYSIS**

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment violation, however, unless the alleged conduct was "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his

knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996).

Plaintiff alleges that he injured his arm on April 10, 2019; underwent an ultrasound on November 18, 2019; went to the Carle Physician Group on February 13, 2020; and has been waiting approximately three years for surgery. Plaintiff did not file his Complaint until July 1, 2022. (Doc. 1). It is possible that his Complaint is untimely. *See Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("In Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). To the extent Plaintiff may assert a continuing violation, the complaint is generally allowed, pursuant to any objection Defendants might later raise. *See Jervis v. Mitcheff*, 258 F. App'x 3, 5-6 (7th Cir. 2007) ("Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released."); *see also Heard v. Sheahan*, 253 F.3d 316, 318-19 (7th Cir. 2001).

Plaintiff claims that his injury healed improperly because Defendant Young failed to refer him to an outside hospital for treatment in a timely manner and failed to order an MRI. Healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist. *Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014). The failure to refer constitutes deliberate indifference only if it was "blatantly inappropriate." *Id*. at 411-12. Denying a referral in favor of "easier and less efficacious treatment" may be blatantly inappropriate if it does not reflect sound professional judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016). Plaintiff fails to allege that Defendant Young was aware of his injury or that Defendant Young knew physical therapy was not helping. Thus, Plaintiff has failed to establish the subjective component of an Eighth Amendment claim. Defendant Young is DISMISSED

without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given leave to file an amended complaint within 30 days.

Plaintiff also claims that Defendant Wexford is liable pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978). Private corporations have potential liability under *Monell* if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Wexford has potential liability only if it had an unconstitutional policy, practice, or custom which caused the constitutional deprivation. *Salcedo-Vazquez v. Nwaobasi*, No. 13- 606, 2015 WL 7177231, at *7 (S.D. Ill. Nov. 16, 2015) (citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 1024 (2015)). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Plaintiff must plead a sufficient factual basis for a *Monell* claim, as it is not enough to merely plead the legal elements of the claim. *McCauley v. City of Chicago*, 671 F.3d 611, 617-18 (7th Cir. 2011).

Plaintiff makes the conclusory assertion that Wexford's policy and practice of mistreatment harms other prisoners, but he pleads only this single incident involving himself. *See Gaston v. Ghosh*, No. 11-6612, 2017 WL 5891042, at *14 (N.D. Ill. Nov. 28, 2017) (plaintiff's allegations as to his own treatment were insufficient to establish a policy) (citing *Shields*, 746 F.3d at 796) (isolated incidents did not add up to a pattern of behavior that would support an inference of a

custom or policy)). Based on his sparse allegations, the Court finds that Plaintiff fails to plead a *Monell* claim against Defendant Wexford. As such, Wexford is DISMISSED without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given leave to file an amended complaint within 30 days.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Defendants Justin Young and Wexford Health Sources, Inc. are DISMISSED without prejudice. Plaintiff shall have the opportunity to file an amended complaint within 30 days from the entry of this Order. Plaintiff's amended complaint will replace the complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in dismissal, without prejudice, for failure to state a claim.

2. Plaintiff's Motion to Request Counsel [4] is DENIED, with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers. If Plaintiff renews his motion for appointment of counsel, he is directed to provide information about the law firms and/or attorneys he contacted and copies of letters he sent to or received from prospective counsel. *See Machicote v. Roethlisberger*, 969 F.3d 822, 826, 828-29 (7th Cir. 2020).

ENTERED: 9/29/2022

s/ Joe Billy McDade<br>
Joe Billy McDade<br>
United States District Judge